**In re A.H. ROBINS COMPANY, INC., Debtor, Employer Tax Identification No. 54-0486348.**

**DALKON SHIELD CLAIMANTS TRUST, Movant,**

v.

**Margie A. WARREN and Alan Jay Hodin, Respondents.**

**No. 85-01307-R.**

United States District Court, E.D. Virginia, Richmond Division.

Jan. 26, 1994.

Alan Jay Hodin, Miami, Florida, for Margie A. Warren.

Orran Lee Brown, Richmond, Virginia, for Dalkon Shield Claimants Trust.

***ORDER***

MERHIGE, District Judge.

This day came Alan Jay Hodin, Esquire, in response to this Court's Order to Show Cause issued on January 22, 1994.

The Court having heard evidence and argument, and for the reasons stated from the Bench, finds the Respondent Alan Jay Hardin in contempt of Court for the following contemptuous actions:

1. Filing a complaint in the United States District Court for the Southern District of Florida on behalf of Claimant Margie Warren against the Dalkon Shield Claimants Trust ("Trust"), without the certification of this Court to so do. Said filing constituted a willful and egregious violation of this Court's Order of July 26, 1988, which confirmed the Plan submitted in these bankruptcy proceedings and which permanently enjoined the commencement of any proceeding of any kind against the Trust on a Dalkon Shield claim and enjoined any act, in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan and associated instruments. Included in the Respondent's wrongful acts was, among others, the failure to conform to the procedures required prior to bringing any actions against the Trust, even after being advised that his actions were in violation of the Plan and this Court's Orders.

2. Disobeying the direct order of this Court, entered January 7, 1994, to withdraw the complaint filed in violation of the Plan and this Court's Orders. Indeed, forty days

have passed since the date of filing, with no semblance of obedience by Hodin to the Orders of this Court.

Accordingly, for the reasons stated herein as well as for the reasons stated from the Bench, Hodin is directed to pay into the Clerk of the Court the sum of $4,500.00, representing $100.00 per day for each of forty days of defiance to the lawful Orders of this Court, plus $500.00 for not having withdrawn the complaint prior to appearing before this Court at 7:30 a.m. this day. In addition Hodin shall be and is fined $500.00 per day for every day from this date on which the complaint is not withdrawn.

Until the further order of this Court, the said Alan Jay Hodin's right to appear as counsel in matters pending in the United States District Court for the Eastern District of Virginia, including the United Stated Bankruptcy Court for said District, is suspended on the grounds of unprofessionalism and incompetency.

Hodin shall forthwith notify each of his Dalkon Shield clients of the Court's action under penalty of further action by this Court.

The Clerk shall deposit such funds received from the contemptor in such a manner that the Dalkon Shield Trust may be reimbursed for its expenses in connection herewith upon further Order of this Court.

The Clerk shall report to the undersigned on a daily basis concerning receipt or nonreceipt of the sums herein ordered to be paid.